IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SHARON CLARK, | : | Case No. 1:13-cv-865 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING IN PART |
| | : | DEFENDANT TEXAS FARM |
| DENA SCHOPPE, et al., | : | BUREAU CASUALTY INSURANCE |
| | : | COMPANY'S MOTION TO DISMISS |
| Defendants. | : | (Doc. 25) |

Plaintiff Sharon Clark brings this action against Defendants Dena Schoppe, Texas Farm Bureau Casualty Insurance Company ("Texas Farm"), and Humana, Inc. ("Humana").  (Doc. 24.)  Texas Farm's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 25) is currently before the Court.

For the following reasons, Defendant's Motion (Doc. 25) is GRANTED in part, and this action will be transferred to the United States District Court for the Southern District of Texas, Houston Division for all further proceedings.

I.   **BACKGROUND**[1]

This action arises out of a car accident occurring on or about November 23, 2011 in Bryan, Texas.  At the time of the accident, Plaintiff—a resident of Ohio—was a passenger in the car of her mother, Barbara Jones.  According to Plaintiff, Defendant Schoppe—a Texas resident—ran a red light and collided with Jones's car, resulting in serious injuries to Plaintiff.

Plaintiff claims that on the date of the accident she was insured under an automobile insurance policy held with Texas Farm,[2] which provided uninsured/underinsured motorist

---

[1] Except as otherwise indicated, background facts are drawn from Plaintiff's First Amended Complaint.  (Doc. 24.)

[2] As attachments to its Reply (Doc. 28), Texas Farm includes an affidavit of Mike Williams, District Claims Manger for Texas Farm, and a copy of the Renewal Certificate for the policy in effect on the date of the accident.

coverage, personal injury protection, and/or medical payments coverage to Plaintiff. According to the Complaint, Schoppe was an "uninsured/underinsured motorist" as defined by the policy.

Plaintiff further was claims that she was insured under a health insurance policy held with Humana, who may have paid some or all of Plaintiff's medical bills resulting from the accident. Plaintiff contends that Humana may be subrogated to a portion of Plaintiff's claims against Schoppe.

Plaintiff brings this action pursuant to 28 U.S.C. § 1332, alleging one count of negligence against Schoppe. Plaintiff seeks a judgment against Schoppe for an amount yet to be determined, but in excess of seventy-five thousand dollars. Plaintiff also seeks a declaratory judgment that she is entitled to recover said damages from Texas Farm under the car insurance policy. Finally, Plaintiff claims that Humana should be required to assert any interest it has in this matter or otherwise be forever barred from doing so.[3]

## II. TEXAS FARM'S MOTION TO DISMISS

Texas Farm moves to dismiss Plaintiff's First Amended Complaint on the ground that this Court lacks personal jurisdiction over Texas Farm. Texas Farm maintains that it is an independent entity located in Texas, has no offices in Ohio, and does not contract to insure any person, property, or risk located in Ohio. In the alternative, Texas Farm contends that the case is improperly venued in the Southern District of Ohio.

In response, Plaintiff argues that Texas Farm has sufficient contacts with Ohio for the Court to exercise personal jurisdiction. In support of her position, Plaintiff indicates that an

---

According to William's affidavit, the policy under which Plaintiff seeks benefits was issued to Barbara Jones, a Texas resident. (*See* Doc. 28, Exhibits B, B-1.)

[3] Humana filed an answer to Plaintiff's Complaint asserting cross and counter claims on August 15, 2014. (Doc. 17.)

internet search reveals that Texas Farm has one office in Steubenville, Ohio. Plaintiff does not contest Texas Farm's claim that venue is improper. Instead, Plaintiff contends the Court should transfer the case rather than dismiss it.

### III.  DISCUSSION

Pursuant to § 1391 of Title 28, United States Code:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). As noted above, Plaintiff does not dispute that this case is improperly venued in the Southern District of Ohio. None of the Defendants are residents of the State of Ohio and the events giving rise to Plaintiff's claims occurred in the Southern District of Texas, where this case could have been filed.

The Court has the authority to dismiss this action, or in the interest of justice, transfer the case to a district in which it could have been filed. *See* 28 U.S.C. § 1406(a). Section 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A district court need not have personal jurisdiction over the defendant before transferring the case pursuant to § 1406(a). *Jackson v. L & F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009). The decision whether to dismiss a

case or to transfer it pursuant to § 1406(a) is within the sound discretion of the Court.  *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Neither Plaintiff nor Texas Farm dispute that this case could proceed in the Southern District of Texas, Houston Division where the accident occurred.  Rather than dismiss this case, adding delay to the proceedings, the Court will transfer the action to the Southern District of Texas, Southern Division pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.


                S/Susan J. Dlott
                Judge Susan J. Dlott
                United States District Court